BEACHBOARD'S ADMINISTRATOR, Respondent, v. LUCE, Appellant.

1. Although parties to a suit may prove by their own oaths the loss or destruction of instruments in writing on which they rely, yet they can not be permitted themselves to testify as to the contents of such instruments.

*Appeal from St. Louis Law Commissioner's Court.*

This was a writ originally commenced before a justice of the peace on a promissory note for seventy dollars, made by the defendant, Luce, to Beachboard, the plaintiff's intestate. The defence relied upon by the defendant was a payment of the note. The defendant filed his affidavit of the loss of the receipt, given to him, the said defendant, by Beachboard in his lifetime, for the amount due on said note. Upon the trial, the defendant, Luce, was offered as a witness by his counsel, to prove the contents of said receipt. He was rejected by the court on the objection of plaintiff's counsel, and judgment given for the plaintiff for the amount of the note with interest. To the rejection of the defendant, as a witness, the defendant's counsel excepted, and brings the case here by appeal.

*W. L. Sloss*, for appellant.

*P. C. Morehead*, for respondent.

LEONARD, Judge, delivered the opinion of the court.

The only question here seems to be, whether the court erred in refusing to allow the defendant leave to prove by his own oath the contents of a lost receipt, upon which he relied as evidence of the payment of the note sued on. From the necessity of the case, parties are allowed to prove by their own oaths the loss or destruction of written instruments, in order to let in oral proof of their contents ; and this is as far as the law has gone. This was done here, and other evidence was then rightly required of the contents of the lost paper. What passed at the original trial, before the justice of the peace, did not change the rules of evidence applicable to the case in the law commissioner's court. The judgment is affirmed.